**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| **UPSTATE NEW YORK CARPENTERS PENSION,** **HEALTH, and ANNUITY FUNDS, by Earl Hall and** **Gary Toth as Trustees; EMPIRE STATE CARPENTERS** **APPRENTICESHIP COMMITTEE, by John J. Fuchs and** **Joseph Oliveri, as Trustees; and EMPIRE STATE** **REGIONAL COUNCIL OF THE UNITED BROTHERHOOD** **OF CARPENTERS AND JOINERS OF AMERICA,** **REGION 3, CARPENTERS LOCAL NO. 747,** **by Gary Toth, as Senior Council Representative,** | **5:05-CV-849** **(NAM/GHL)** |

                              **Plaintiffs,**
                v.

**SEAWAY OF GOVERNEUR, INC., and**
**WILLIAM REDDICK, Individually,**

                              **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| Blitman & King LLP<br>Franklin Center, Suite 300<br>443 North Franklin Street<br>Syracuse, New York 13204-1415<br>*For Plaintiffs* | Daniel E. Kornfeld, Esq. |

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

                            **MEMORANDUM-DECISION AND ORDER**

**I.     INTRODUCTION**

      Plaintiffs Upstate New York Carpenters Pension, Health, and Annuity Funds, by Earl Hall and Gary Toth as Trustees, Empire State Carpenters Apprenticeship Committee, by John J. Fuchs and Joseph Oliveri, as Trustees, and Empire State Regional Council of the United Brotherhood of Carpenters and Joiners of America, Region 3, Carpenters Local No. 747, by Gary Toth, as Senior Council Representative, bring this action alleging that defendant Meacham Electrical Contractors

Inc., violated sections 404, 406, and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1104, 1106, and 1145 and 1145, and section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), by failing to timely remit fringe benefit contributions and deductions to plaintiffs from June 2002 through December 2002.  Plaintiffs move for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and seek to collect delinquent fringe benefit contributions, deductions, interest, liquidated damages, costs and disbursements, and attorneys' fees and costs.

## II.    FACTS

According to the complaint and plaintiffs' motion papers, defendant Seaway of Governeur, Inc., is party to a collective bargaining agreement with Empire State Regional Council of Carpenters, Local Union No. 747 ("Agreement").  The Agreement obligates defendants to remit fringe benefit contributions and deductions to plaintiffs for all hours worked by employees who are covered by the Agreement, i.e., performing bargaining unit work.  Defendant William Reddick owned, controlled, and dominated the affairs of Seaway.

Pursuant to the Agreement, defendants are bound by the rules and regulations of the Funds' Board of Trustees and the terms and conditions of the Amended and Restated Agreements and Declarations of Trust of the Upstate New York Carpenters Pension, Health, and Annuity Funds, the Collections Policy of the Upstate New York Carpenters Pension, Health, and Annuity Funds, and the Agreement and Declaration of Trust of the Empire State Carpenters Apprenticeship Committee ("Agreements and Declaration of Trust" and "Collections Policy"). The Agreements and Declarations of Trust, the Collections Policy, and Sections 515 and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145 obligate defendants, if delinquent in

remitting contributions and deductions, to pay the delinquent amounts as well as interest, liquidated damages, and attorneys' fees and costs.

Based on defendants' failure to remit benefit contributions and deductions to plaintiffs from June 2002 through December 2002, defendants owe $13,106.14 in fringe benefit contributions and deductions, plus attorneys' fees and costs, as well as $5,508.20 in interest and $5,216.84 in liquidated damages. On September 21, 2005, plaintiffs commenced this action to collect the delinquent contributions and deductions as well as applicable interest, liquidated damages, costs and fees of collection, and attorneys' fees.

## III. DISCUSSION

### A. Standard – Default Judgment Rule 55(b)

Under Rule 55(b) of the Federal Rules of Civil Procedure, default judgment shall be entered if a defendant has failed to plead or otherwise defend an action." *Parise v. Riccelli Haulers, Inc.*, 672 F.Supp. 72, 74 (N.D.N.Y. 1987). Rule 55(b)(2) and Local Rule 55.2 set forth the procedural prerequisites plaintiffs must meet before their motion for default judgment may be granted. Plaintiffs must: (1) properly serve defendant with a summons and complaint (to which no response has been made); (2) obtain an entry of default; and (3) provide an affidavit setting forth the facts required by L.R. 55.2(a), including an affidavit showing that defendant is not an infant or incompetent, or in the military service. *See* Fed. R. Civ. P. 55(b)(2); N.Y.N.D.L.R. 55.1 and 55.2.

Plaintiffs filed the complaint on July 8, 2005, and served Seaway on August 15, 2005, and Reddick on August 18, 2005. On September 21, 2005, plaintiffs received a Clerk's Entry of Default. In connection with their motion for default judgment, plaintiffs have submitted an

3

affidavit by their counsel stating that defendants are not infants or incompetent, and are not in the military service. Therefore, plaintiffs have fulfilled the procedural prerequisites for default judgment. Indeed, defendants have not appeared in this action or opposed the present motion. Accordingly, the Court turns to liability.

### B. Liability

"A party's default is deemed to constitute a concession of all well-pleaded allegations of liability." *Resolution Trust Corp. v. Forney*, 1993 WL 61415, *1 (W.D.N.Y. June 28, 1993) (citing *Greyhound Exhibitgroup v. E.L.U.L. Realty*, 973 F.2d 155, 158 (2d Cir. 1992). The allegations in plaintiffs' complaint are therefore presumed accurate.

Pursuant to 29 U.S.C. § 1145, "[e]very employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Further, where the contract between the parties classifies unpaid contributions as trust assets, the controlling officer of the company is a fiduciary individually liable for a delinquency if he withholds contributions from the plans. *NYSA-ILA Medical and Clinical Services Fund v. Catucci*, 60 F.Supp.2d 194 (S.D.N.Y. 1999); *LoPresti v. Terwilliger*, 1216 F.3d 34, 40 (2d Cir. 1997) (finding that individual who commingled plan assets with general assets, and used plan assets to pay company creditors, rather than forwarding the assets to the plaintiff funds meant that he "exercise[d] . . . authority or control respecting . . . disposition of [plan] assets, and hence is a fiduciary for purposes of imposing personal liability under ERISA.").

4

Here, according to the complaint, defendants employed individuals who were covered by employee benefit plans and multi-employer plans maintained pursuant to the Agreement. The Agreements, Agreements and Declarations of Trust, and Collections Policy require defendants to pay contributions and deductions on behalf of covered employees in a timely manner. Plaintiffs contend in the complaint that defendants failed to remit the required contributions and deductions from June 2002 through December 2002. Thus, defendants' conduct, as alleged, stands in violation of ERISA.

Additionally, according to the complaint, unpaid contributions are plan assets, and Reddick, as the controlling officer, is an ERISA fiduciary personally liable for the delinquency by withholding the fringe benefit contributions from the plans. Defendant Reddick may therefore be held personally liable under ERISA.

**C.     Damages**

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). The Court "must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id*. Where a violation of 29 U.S.C. § 1145 has occurred, ERISA authorizes plaintiffs to enforce an employer's obligations to remit contributions in accordance with the terms of the Agreement, Agreements and Declarations of Trust, and Collections Policy, and collect delinquent contributions and deductions, interest, liquidated damages, and audit fees. *See* 29 U.S.C. § 1132(g)(2)(A-D).

In this case, plaintiffs have submitted a number of documents which they claim show the damages they sustained as a result of defendants' conduct.  The facts and documents in this regard, however are introduced through the affidavit of plaintiffs' counsel, who does not purport to have personal knowledge.  Thus, there is insufficient evidence on which to enter the amount of damages.  *See id*. at 154-55 (finding there was insufficient evidence on which to enter the amount of the judgment because "[a]t the time judgment was entered, the court had before it only the allegations in the complaint and the affidavit of plaintiff's counsel, who did not purport to have personal knowledge of the facts, asserting an amount of damages sustained by plaintiff as a result of defendant's failure to deliver the securities.").  Accordingly, this matter is hereby referred to the Honorable George H. Lowe for the purpose of conducting a hearing or soliciting affidavits and documentary evidence, pursuant to Rule 55 of the Federal Rules of Civil Procedure to take an account or to determine the amount of plaintiffs' damages and to prepare and forward to the undersigned a Report and Recommendation regarding the type and amount of such damages and attorneys' fees and costs upon which plaintiffs are entitled to have judgment entered.[1]

## IV.    CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that in view of default by defendants in failing to answer the Complaint or make any appearance in this matter and the Clerk of the Court having entered default by defendants on September 21, 2005, and no appearance or objection having been made by defendant since that time, plaintiffs' motion for default judgment against defendants is **GRANTED**; and it is further

---

[1] There is evidence in admissible form regarding attorneys' fees.  The Court will, however, refrain from calculating any award at this time and will instead await a Report and Recommendation from Magistrate Judge Lowe on this issue.

**ORDERED** that this matter is referred to the Honorable George H. Lowe for the purpose of conducting a hearing or soliciting affidavits and documentary evidence, pursuant to Rule 55 of the Federal Rules of Civil Procedure to take an account or to determine the amount of plaintiffs' damages and attorneys' fees and costs; and it is further

**ORDERED** that Magistrate Judge Lowe prepare and forward to the undersigned a Report and Recommendation regarding the type and amount of such damages and attorneys' fees and costs upon which plaintiffs are entitled to have judgment entered.

**IT IS SO ORDERED.**

Dated: September 27, 2006

_____
Norman A. Mordue
Chief United States District Court Judge